UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**FIRST PRESBYTERIAN CHURCH
OF YPSILANTI,**
        **Plaintiff**
**v.**                                                         **Case No.  2:07-cv-13132**

**H.A. HOWELL PIPE ORGANS, INC.,**        **Hon. Patrick J. Duggan**
**TIMOTHY E. BOLES, CURTIS G.
SCHMITT, and R. KARSTENS**             **Magistrate Virginia M. Morgan**
**ORGANWORKS, LTD.,**
        **Defendants.**

_____

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the stipulation of the parties, as evidenced by the signatures of their respective counsel, below.  The Court is advised that the parties have agreed that documents and information provided by customers of the Defendants in response to Subpoenas issued by Plaintiff shall be deemed and treated as being confidential, in accordance with the terms set forth below.  The Court being fully advised,

IT IS ORDERED as follows:

1.      CONFIDENTIAL INFORMATION means any Document and/or any information included therein, produced or provided by or on behalf of any customer (or that customer's representative) of Defendant H.A. Howell Pipe Organs, Inc. and/or of Defendant R. Karstens OrganWorks, Ltd., including but not limited to St. Mary of the Annunciation Roman Catholic Church and/or the Archdiocese of Chicago, in response to any Subpoena issued by Plaintiff in this action.

2. When used in this Order, the word "Document" includes any written matter, including, but not limited to, deposition transcripts.

3. Any such customer may designate as confidential and protected any Documents (and information contained therein) that it hereafter produces by marking such documents with the legend "CONFIDENTIAL".

4. Any portion of deposition testimony given in this case may be designated as "CONFIDENTIAL" by making a statement on the record at the time of the deposition as to which portions of the testimony contain "CONFIDENTIAL" information. Any testimony designated "CONFIDENTIAL" in accord with this Order shall be marked, treated, used, and disclosed only as provided in this Order.

5. Nothing in this Order shall be deemed an admission or ruling for or against any party as to the admissibility of any evidence in this case.

6. Except upon prior written consent of the producing party and the Party which is the subject of the information, or upon further order of the Court, the protected Documents or information contained therein which are designed "CONFIDENTIAL," may be shown, disseminated, discussed or disclosed only to the following:

    a. The Court and its staff in this case or in any appeal therefrom;

    b. Counsel of record for the parties in this case;

    c. Partners, associates, secretaries, paralegals and other such personnel employed or retained by or working on this case under the supervision of said counsel;

    e. Witnesses or potential witnesses as disclosed on the witness lists filed with the Court in this matter;

    f.  The Parties and/or their employees, to the extent that involvement with this action is part of their job duties;

    g.  Any court reporter(s) and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

    h.  Any mediator, facilitator or case evaluator;

    i.  Any person who authored or who received, reviewed or has access to the document or information prior to or outside of its designation as CONFIDENTIAL under this Order; and

    j.  Any other person or entity as to whom counsel for the producer or provider of the confidential information agree in writing, or whom the Court directs shall have access to such information.

  7.  All Documents, including deposition testimony, subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by any Party for any business, commercial or competitive purpose or for any purpose other than the preparation and trial of this action in accordance with the provisions of this Order.

  8.  If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents designated as "CONFIDENTIAL", or any information contained therein, these papers shall be filed with the Court under seal.

9. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all documents designated "CONFIDENTIAL" including any reproductions of such documents, must be returned upon request to the producing party or its counsel, or destroyed at the option of the producing party.

SO ORDERED.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: April 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2009, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

So Stipulated:

| DYKEMA GOSSETT, PLLC | FRASCO, CAPONIGRO WINEMAN & SCHEIBLE, PLLC |
|---|---|
| s/ Thomas M. Schehr w/permission | s/ Eric D. Scheible w/permission |
| Thomas M. Schehr (P54391) | Eric D. Scheible (P54174) |
| Counsel for Defendants Howell and Boles | Counsel for Defendant Schmitt |
| 400 Renaissance Center, 35th Floor | 1668 Telegraph Rd., Suite 200 |
| Detroit, Michigan 48243 | Bloomfield Hills, MI 48302 |
| (313) 568-6659 | (248) 334-6767 |
| tschehr@dykema.com | es@frascap.com |
| B.J. SULLIVAN AND ASSOCIATES | UFER & SPANIOLA, P.C. |
| s/ Barbara J. Sullivan w/permission | *s/Gary W. Faria* |
| Counsel for Defendant R. Karstens OrganWorks, Ltd. | Gary W. Faria (P37481) Counsel for Plaintiff |
| 30 W. Monroe St., Suite 800 | 5440 Corporate Drive, Suite 250 |
| Chicago, IL 60603-2424 | Troy, MI 48098-2648 |
| 312 263-1173 | (248) 641-7000 |
| Barbara@bjsullivanandassociates.com | gwf@uferspan.com |