UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST PRESBYTERIAN CHURCH OF
YPSILANTI,

    Plaintiff,

v.

                                      Case No. 07-13132

H.A. HOWELL PIPE ORGANS, INC.,        Honorable Patrick J. Duggan
TIMOTHY E. BOLES, CURT SCHMIDT,
and R. KARSTENS ORGANWORKS,
LTD.,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, onMarch 16, 2010.

    PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff First Presbyterian Church of Ypsilanti ("FPCY") filed this suit against

Defendants H.A. Howell Pipe Organs, Inc. ("Howell"), Timothy Boles ("Boles"), Curt

Schmitt ("Schmitt"),[1] and R. Karstens OrganWorks, LTD. ("RKO") alleging various

claims of fraud, breach of contract, and unjust enrichment. On February 1, 2010, the

Court issued an Opinion and Order ("Opinion") deciding several motions for summary

---

[1]As listed in the caption, the case was originally filed against Curt "Schmidt." Since FPCY served him, however, the parties have been referring to him as "Schmitt." The Court will therefore adopt this spelling as well for purposes of this Opinion and Order.

judgment submitted by the various defendants. Among other things, that Opinion dismissed FPCY's claim for silent fraud against Boles and Schmitt and FPCY's post-contract fraud claim against Schmitt. On February 16, 2010, FPCY filed a motion for reconsideration of those claims.

## I. Standard of Review

Eastern District of Michigan Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). Indeed, "[w]hatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.1977)). Where the movant for reconsideration asserts "nothing new-except his displeasure-this court has no proper basis upon which to alter or amend the order previously entered." *Id.*

## II. Analysis

In support of its motion for reconsideration, FPCY alleges that the Court gave inadequate consideration to certain pieces of evidence which resulted in the erroneous

dismissal of some of FPCY's claims. Specifically, FPCY asserts that it sufficiently expressed its concern about Howell's stability and its need for timely performance so as to create a duty of disclosure by Boles and Schmitt. FPCY further argues that Schmitt had a duty to disclose Howell's financial condition and issues with timely performance after formation of the contract between Howell and FPCY. Overall, FPCY presents no new arguments; it merely uses its motion for reconsideration to place increased emphasis on certain pieces of evidence that may not have been explicitly addressed by the Court in its Opinion.

As an initial matter, the Court notes that the pleadings in this case have been voluminous. Although the Court reviewed and considered all submissions by all parties in deciding the motions for summary judgment, the Court did not endeavor to address each submitted exhibit in minute detail for practical reasons. In the Opinion, the Court attempted to summarize the parties' relative positions and address the most salient evidence in support thereof. The Court's failure to refer to any one particular piece of evidence should not be read as an indication that the Court failed to consider the entire record.

**A. Expression of Concern and Duty to Disclose**

FPCY's first argument in its motion for reconsideration is that the Court incorrectly analyzed its claim for silent fraud. FPCY emphasizes Michigan law providing that an expression of concern by a contracting party can give rise to a duty of disclosure and, therefore, a claim for silent fraud if that duty is not fulfilled. FPCY asserts that the Court acknowledged the proper legal standard but erroneously applied the facts of this case to

3

that standard.

As observed by FPCY, Michigan law provides that a duty of disclosure *may* arise from an expression of concern by a contracting party. Abstract, generalized, or ambiguous expressions of concern, however, will not suffice; full disclosure is required only in response to "some particularized concern" or "direct inquiry." *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 29, 585 N.W.2d 33, 38 (1998). But while an expression of particularized concern has been said to give rise to a duty to disclose, no silent fraud case in Michigan has found liability based on such facts; rather, "in every case, the fraud by nondisclosure was based upon statements . . . that were made in response to a *specific inquiry* . . . , which statements were in some way incomplete or misleading." *Id.* at 31, 585 N.W.2d at 39 (emphasis added). Notwithstanding this legal landscape, FPCY contends that the Court erred by failing to give adequate consideration to evidence that FPCY expressed concerns about timely performance and Howell's stability.

As evidence of its alleged expressions of concern, FPCY emphasizes its November 9, 2000, letter inviting Howell to submit a proposal for a new organ. In that letter, FPCY indicated that it would evaluate submitted proposals on five criteria including "[s]tability of the firm, and the likelihood of completing the work as scheduled, with manageable disruption to the ongoing work of the church." (FPCY's Resp. to Schmitt's Mot. for Summ. J. Ex. 15-E.) Having considered this evidence and the relevant legal standards, the Court concludes that FPCY's bid request letter failed to present a sufficiently particularized expression of concern so as to require Schmitt or Boles to make detailed disclosures regarding Howell's financial arrangements, cash-flow, and pending projects.

4

Furthermore, Schmitt's discussion of some of Howell's past and pending projects does not somehow combine with FPCY's generalized expression of concern to create a duty of more detailed disclosure. *See Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 413 n.6, 617 N.W.2d 543, 550 n.6 (2000). FPCY was free at all times to make direct inquiries or to express particularized concerns about Schmitt's anecdotal references but apparently did not.[2]

Next, FPCY asserts that inquiries regarding how and when the church would be billed under the contract required Schmitt and Boles to make detailed disclosures regarding Howell's financial condition. FPCY made this same argument in response to Schmitt's motion for summary judgment and, again, the Court disagrees with FPCY's position. FPCY's inquiries regarding payments did not amount to a particularized expression of concern regarding Howell's financial condition or Howell's intended use of payments; they instead reflected FPCY's concerns about its own ability to meet its obligations during a larger renovation effort. (FPCY's Resp. to Schmitt's Mot. for Summ. J. Ex. 15-J ("The timing of payments (e.g. the word "periodic") should be clarified. . . . [S]ince this project is part of a much larger renovation effort, the timing of payments is important for cash-flow purposes.").) As such, this evidence fails to give rise to an actionable claim for silent fraud.

---

[2]In its motion for reconsideration, FPCY asserts that the lack of evidence of direct and specific inquiries respecting Howell's financial condition and other matters does not mean that such inquiries were never made. Given the lack of evidence, FPCY states, "a conclusion that there were no such inquiries is no more warranted than a conclusion that there were such inquiries." (FPCY Mot. for Reconsideration at 4 n.3.) The problem is that FPCY bears the burden of proving that such inquiries were made. Without any such evidence, FPCY cannot meet its burden.

Finally, FPCY argues that it expressed particularized concern regarding timely performance when it requested that a financial penalty clause for late performance be added to the contract. The Court agrees that FPCY expressed a particularized concern about the timeliness of performance by this request. The question, then, is how much were Schmitt and Boles required to disclose in response to FPCY's request.

FPCY argues that, in response to its request, Boles and Schmitt should have made the following disclosure:

> We cannot agree to that because we have had ongoing cash flow issues which currently require us to apply later customer's payments to earlier projects, and we have been increasingly late on all of our recent projects and are getting later than expected starts on those now in the pipeline, and there are actually six in front of you and not four, so it is looking somewhat unlikely that we will be able to meet the March 2005 deadline.

(FPCY's Mot. for Reconsideration at 9.) FPCY describes such a disclosure as "neither extreme nor unrealistic." (*Id.*) Instead, Schmitt informed FPCY that a financial penalty clause would significantly increase the contract price. The Court concludes that the latter disclosure was sufficient in response to FPCY's request for a financial penalty clause.

The fact that Howell was unwilling to include a financial penalty clause for late performance without significantly increasing the contract price should have raised a red flag as to Howell's ability or intention to meet performance deadlines.[3] Rather than pursue the issue further and demand additional assurances of timely performance, FPCY

---

[3]Indeed, the Court was shocked that FPCY's counsel even presented this evidence in support of the church's claim for silent fraud. It was only because this evidence seemed so antithetical to FPCY's claim that the Court declined to address the evidence in the first place.

elected to let the issue go and accept the contract at the lower price. Under these circumstances, Schmitt and Boles cannot be said to have used silence to fraudulently induce FPCY into the contract. Therefore, FPCY's motion for reconsideration of the silent fraud claim is denied.

**B. Post-Contract Fraud by Schmitt**

FPCY also argues that the Court erred in granting summary judgment to Schmitt on FPCY's post-contract fraud claim. Specifically, FPCY asserts that, even if the Court properly dismissed the silent fraud claim, "Schmitt's duty to disclose the pre-contract facts continued into the post-contract phase." (FPCY's Mot. for Reconsideration at 10.) In support of this argument, FPCY refers back to the arguments made (and rejected) above. The problem is that the Court has already determined that Schmitt had no "duty to disclose the pre-contract facts" that could "continue into the post-contract phase." Furthermore, FPCY's evidence of post-contract fraud involves the conduct of Boles, not Schmitt. Ultimately, FPCY presents nothing new—other than its displeasure with the Court's Opinion—in regard to it's post-contract fraud claim against Schmitt. As such, FPCY's motion for reconsideration must be denied.

**III. Conclusion**

In sum, FPCY has failed to identify a palpable defect that affected the disposition of this case. The Court considered all the evidence referred to in the motion for reconsideration in deciding the motions for summary judgment in the first instance. And, even having reconsidered that same evidence, the Court still believes summary judgment was properly granted as to FCPY's silent fraud claims and post-contract fraud claim

7

against Schmitt. Therefore, there is no basis for the Court to alter or amend the previous Opinion.

Accordingly,

**IT IS ORDERED** that FPCY's Motion for Reconsideration is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Gary W. Faria, Esq.
Jennifer Boueri Chilson, Esq.
Thomas M. Schehr, Esq.
Eric D. Scheible, Esq.
Barbara J. Sullivan, Esq.